UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRED L. GENDEL,<br>          Petitioner,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br>          Respondent. | Case No. 2:11-CV-00106-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

    Currently pending before the Court is Fred Gendel's Petition for Review (Dkt. 1). He seeks judicial review to set aside the final decision of the Commissioner's denial of his claim for Disability Insurance Benefits under Title II of the Social Security Act. Gendel brings this action pursuant to 42 U.S.C. §§ 405(g), 1383(c).

    Having carefully reviewed the record, and being otherwise fully advised, the Court enters the following Memorandum Decision and Order.

**MEMORANDUM DECISION AND ORDER  - 1**

## ADMINISTRATIVE PROCEEDINGS

On March 3, 2009, Fred Gendel (hereinafter, "Petitioner" or "Claimant") applied for disability insurance benefits under Title II of the Social Security Act (the "Act"). (AR 130-31). This is Petitioner's second application for such benefits.[1] (AR 61-77). In this application, Petitioner alleges disability beginning March 27, 2007, due to degenerative disc disease of the cervical, thoracic and lumbar spine, cyanosis of the right index finger and hypertension. (AR 144). The Commissioner denied Petitioner's initial application, (AR 78-79), and then again after reconsideration. (AR 80-81). Thereafter, Petitioner filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). (AR 97). ALJ Marie Palachuk held a hearing on May 20, 2010, in Spokane, WA. (AR 105-24). Petitioner appeared personally, and was represented by attorney Mark B. Jones at that hearing. (AR 21-60). Dr. George W. Wyatt, medical expert, and Deborah Nelson Lapoint, vocational expert, were also present and testified at that hearing. (AR 21).

On May 26, 2010, the ALJ denied Petitioner's claim based on a finding that during the period of the claimed disability, Petitioner "had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant should kneel, crawl, and squat only on an occasional basis and should avoid concentrated exposure to dangerous equipment and industrial vibrations." (AR 12). Thus, "[c]laimant was capable of performing past relevant work as a network control operator, data communications

---

[1] Petitioner previously filed for disability benefits in February 2004. That claim was denied at the hearing level on March 26, 2007. (AR 61-73).

**MEMORANDUM DECISION AND ORDER  - 2**

technician and field engineer" because "this work did not require the performance of any work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565)." (AR 16).

Petitioner requested the Appeals Council review the ALJ's decision. (AR 4). The Appeals Council denied review on March 25, 2008, making the AJL's decision the final determination of the Commissioner of Social Security. (AR 1-3).

Having exhausted his administrative remedies, Petitioner timely filed the instant action requesting that the Commissioner's determination be reversed or, in the alternative, that this matter be remanded for an ALJ hearing *de novo*. (*Petition for Review,* Dkt. 1 at 2).

## BACKGROUND

At the time of the hearing before the ALJ, Petitioner was fifty-seven (57) years old. (AR 130). Petitioner has a 12th grade education, as well as two years vocational school training in electronics. (AR 152). Petitioner has past relevant work experience as a technician in several industries, including as a data communications technician, network control operator, and field engineer. (AR 155-66). Petitioner states that due to his disability, he has been unable to perform any of those past job functions. (AR 4).

In her May 26, 2010, decision, the ALJ determined that Petitioner has the following combination of severe impairments: "degenerative disc disease of the cervical, thoracic and lumbar spine; cyanosis of the right index finger; and hypertension." (AR 10).

**MEMORANDUM DECISION AND ORDER** - 3

However, the ALJ concluded that, in denying his application, Petitioner had not met his burden of proving that he had been under a disability as defined by the Social Security Act during the period under consideration. (AR 17).

## STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon the Petitioner to establish entitlement to disability benefits. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). In evaluating the evidence at an administrative hearing, the ALJ must follow a five-part sequential process. 20 C.F.R. §§ 404.1520, 416.920 (2005).

If the Commissioner's decision is supported by substantial evidence and based upon proper legal standards, then it will be upheld. 42 U.S.C. § 405(g) (2000); *Matney ex rel. Matney v. Sullivan*, 921 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings of fact by the ALJ are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981). In other words, if there is substantial evidence to support the ALJ's factual determinations, they must be upheld, even in the face of conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). This standard requires "more than a

**MEMORANDUM DECISION AND ORDER - 4**

scintilla," but "less than a preponderance," *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). When the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will only be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id.* However, reviewing courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

**MEMORANDUM DECISION AND ORDER  - 5**

Reviewing courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal cases." *Id*. at 1095 (citations omitted).

Finally, the court will not reverse an ALJ's decision for "harmless error, which exists when it is clear from the record that the ALJ's error was 'inconsequential to the ultimate . . . determination.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) *citing Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055-56 (9th Cir. 2006).

The issue presented in the instant appeal is whether the Administrative Law Judge's finding that Petitioner was not disabled is supported by substantial evidence and whether the finding is based on an application of proper legal standards.

## SEQUENTIAL PROCESS

When evaluating evidence presented at an administrative hearing, the ALJ must follow a five-step sequential process in determining whether a person is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. "The burden of proof is on claimant as to steps one through four[, but] as to step five, the burden shifts to [the] Commissioner." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999).

The first step of the sequential process requires the ALJ to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, Petitioner is not disabled, and benefits are denied. 20 C.F.R. § 404.1520(b). In the instant action, the ALJ concluded that Petitioner did not perform substantial gainful activity

**MEMORANDUM DECISION AND ORDER  - 6**

"during the period from his alleged onset date of March 27, 2007 through his date last insured of September 30, 2008 (20 C.F.R. 404.1571 *et seq.*)." (AR 10).

The second step requires the ALJ to determine whether the claimant's impairment or combination of impairments are severe. 20 C.F.R. § 404.1520(a)(4)(ii). If the answer is in the negative, disability benefits are denied. 20 C.F.R. § 404.1520(c). Here, the ALJ found that Petitioner has a severe combination of three impairments: "degenerative disc disease of the cervical, thoracic and lumbar spine; cyanosis of the right index finger; and, hypertension." (AR 10-11).

At the third step, the ALJ must determine whether the claimant's impairments meet or equal a listed impairment under the 20 C.F.R. Pt. 404, Subpt. P, App. 1. If so, the claimant is disabled and entitled to disability insurance benefits. 20 C.F.R. § 404.1520(d). "If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006), *citing* 20 C.F.R. § 404.1520(d). In the instant action, the ALJ concluded that Petitioner did not have an impairment or combination of impairments that meets, or medically equals, one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (AR 11-12).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past

**MEMORANDUM DECISION AND ORDER - 7**

relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is "not disabled" and thus not entitled to disability insurance benefits. *See* 20 C.F.R. § 404.1520(e). "If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step." *Lounsburry*, 468 F.3d at 1114. In this regard, the ALJ first concluded that Petitioner "had the residual functional capacity to perform light work . . . except the claimant should kneel, crawl, and squat only on an occasional basis and should avoid concentrated exposure to dangerous equipment and industrial vibrations." (AR 12). Relying on the testimony of the vocational expert, the ALJ further concluded that Petitioner was "capable of performing past relevant work as a network control operator, data communication technician and field engineer" because "[t]his work did not require the performance of work-related activities precluded by the claimant's residual functional capacity." (AR 16). Accordingly, the ALJ held that Petitioner "was not under a disability, as defined in the Social Security Act, at any time from March 27, 2007, the alleged onset date, through September 30, 2008, the date last insured."[2] (AR 17).

## DISCUSSION

Petitioner challenges the Commissioner's determination that Petitioner was capable of performing past relevant work as a network control operator, data communications technician and field engineer, claiming that petitioner cannot perform

---

[2] Because the case was resolved at step four, the ALJ did not reach step five and so the court need not consider step five on appeal here.

**MEMORANDUM DECISION AND ORDER - 8**

these jobs under the determined residual functional capacity. (*Petitioner's Brief*, Dkt. 1 at 3.) This Court will not consider the ALJ's determinations regarding the past relevant work positions of data communications technician or field engineer because determinations regarding this past relevant work do not affect the outcome of the case. Any error is harmless because the ALJ need only determine that Petitioner can perform some past relevant work in order to deny benefits. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008); *See Brawner v. Sec'y of Health & Human Services,* 839 F.2d 432, 434 (9th Cir. 1988) ("[Petitioner] contends that the ALJ erred in classifying his past relevant work as 'light.' Even if the ALJ erred in this respect, he also found that [Petitioner] was able to perform other light work and was therefore not disabled. Any such error was therefore harmless and establishes no cause for remand.").[3] Thus, this Court will only consider the network control operator past relevant work.

As such, despite Petitioner's contentions, this Court finds that the ALJ's step four finding that Petitioner could perform his past relevant work as a network control operator (AR 17) is supported by substantial evidence and is free of legal error.

---

[3] As to the Data Communications Technician, the Respondent concedes that the ALJ should not have relied on this work because the work is, by definition and as supported by the vocational expert, (AR 58), at the medium exertion level. This disqualifies the Petitioner from performing that work pursuant to the ALJ's residual functional capacity determination of light exertion work only. (*Respondent's Brief,* Dkt. 16 at 8.)
    As to the Field Engineer job description, this Court does not make any findings or conclusions because the ALJ's determination regarding the network control operator is controlling and is supported by substantial evidence.

**MEMORANDUM DECISION AND ORDER  - 9**

In making determinations about past relevant work, the claimant is the primary source for vocational information, but corroborative information from other sources regarding the requirements of the work as generally performed in the national economy may also be considered by the ALJ. SSR 82-62, 1982 WL 31386 at *3. A vocational expert ("VE") may be called upon to offer expert opinion testimony concerning the physical and mental demands of a claimant's past relevant work, either as actually performed, or as generally performed in the national economy. 20 C.F.R. § 404.1560(b)(2). In addition, the Ninth Circuit Court of Appeals has held that "[t]he DOT[4] is 'the best source for how a job is generally performed.'" *Carmickle v. Commissioner,* 533 F.3d 1155, 1166 (9th Cir. 2008), *citing Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

Petitioner alleges three errors in the ALJ's determinations that the Petitioner could perform the past relevant work of network control operator, DOT No. 031-262-014: (1) the VE's testimony erroneously failed to contemplate installation as part of work requirements, undermining the ALJ's reliance on that testimony; (2) the work exceeds the residual functional capacity limitations of kneeling, crawling, and squatting; and (3) the work is precluded by petitioner's inability to carry items in front of him.

---

[4]U.S. Dep't of Labor, *Dictionary of Occupational Titles*, (4th ed. Rev. 1991).

**MEMORANDUM DECISION AND ORDER - 10**

**1. VE's Testimony Contemplated Installation as Part of Work Requirements**

Petitioner first contends that the vocational expert did not contemplate installation as a component of the network control operator job, thus undermining the testimony of the VE regarding the exertion level of this work sufficiently to preclude the ALJ from relying on that testimony. (*Petitioner's Brief*, Dkt. 16 at 5). The DOT for network control operator does, in fact, address the possibility that the position "may coordinate installation of or install communications lines." (Ex. 2 to *Respondent's Brief,* Dkt. 18). However, while the VE did state that the network technician does not involve installation of equipment, the VE continued, stating that if the work does involve installation, "it's within the light range." (AR 58). Thus, the VE not only provided for the possibility of installation requirements, but she further opined that any possible installation responsibilities were within the light range. This testimony comports with the holding of the ALJ that the Petitioner could perform the network operations controller work because it is a light exertion level job. Thus, the ALJ could rely on this evidence to support the conclusion that Petitioner could perform this work.

**2. Work Does Not Exceed the Residual Functional Capacity Limitations**

Petitioner next contends that even if the test equipment used in this work is in the light exertion range, the work cannot be done without exceeding the residual functional capacity limitation to occasional kneeling, crawling, and squatting. (*Petitioner's Brief*, Dkt. 16 at 5). The DOT identifies the physical, mental, and environmental requirements

of the work. (Ex. 2 to *Respondent's Brief,* Dkt. 18). Network control operator work requires kneeling only occasionally; crouching[5] is not present,and crawling is not present. *Id.* The ALJ relied on the DOT report and the VE's testimony in determining that Petitioner could perform the network control operator work given the limitations of the residual functional capacity, including the limitations on kneeling, crawling, and squatting. (AR 16). Under *Carmickle*, 533 F.3d at 1166 and 20 C.F.R. § 404.1560(b)(2), the ALJ is justified in relying on the DOT and VE's testimony, so the ALJ's determination that Petitioner could perform the network control operator work was supported by substantial facts.

**3. Credibility Finding Regarding Restrictions Supported by Substantial Evidence**

Petitioner contends that the ALJ did not sufficiently consider his evidence regarding the restriction of carrying items in front of him, and that was in error. *Id.* The Petitioner's inability to carry equipment in front of him was set out in the ALJ's second hypothetical. (AR 41). In addition, when the VE was asked if the two jobs would involve lifting or carrying items out in front at the light exertion level, the VE stated they would. (AR 58-59). The VE then testified that "if any kind of carrying in front is precluded then that work would be precluded as well." (AR 59). Petitioner contends that all of these facts combined show that the ALJ did not have substantial evidence to determine that Petitioner could perform this past relevant work.

---

[5]The DOT does not list squatting, but lists crouching, which is bending the spine and legs.

**MEMORANDUM DECISION AND ORDER - 12**

It is true that if the front-carrying restriction was credible, then the ALJ erred in finding petitioner could perform the past relevant work. However, the ALJ determined that the Petitioner's claim regarding the front-carrying restriction was not credible. (AR 14). In fact, the ALJ found that the only restrictions were on lifting, bending, and squatting as described above. (AR 16). Thus, the issue is whether the ALJ had substantial evidence to dismiss Petitioner's subjective pain testimony about his front-carrying restriction for lack of credibility.

### A. *Rule of Law for Evaluating Credibility of Subjective Pain Evidence*

In evaluating subjective pain evidence, the ALJ follows a two-step process. *See* 20 C.F.R. § 404.1529; SSR 96-7p, 1996 WL 374186. First, the ALJ must consider whether there is an underlying medically determinable physical impairment that could be reasonably expected to produce the individual's pain or other symptoms. 20 C.F.R. § 404.1529 (b). In this regard, the ALJ concluded that "the severe impairments listed . . . demonstrated with adequate sufficiency within the record to give the claimant the benefit of the doubt with respect to his pain symptoms." (AR 13).

Second, once an underlying physical impairment that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the ALJ must evaluate the intensity, persistence and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit the claimant's ability to do basic work activities. 20 C.F.R. § 404.1529(c). If the claimant's stated symptoms are not

**MEMORANDUM DECISION AND ORDER - 13**

substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the reported symptoms based on a consideration of the entire case. *Id.* In the instant case, the ALJ found, and the Court agrees, that claimant's stated symptom of front-carrying restrictions were not substantiated by objective medical evidence, so the ALJ made findings regarding Petitioner's credibility. (AR 13-17).

In making credibility determinations based on a consideration of the entire case, "the ALJ's reasons for rejecting pain testimony must be clear and convincing." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The ALJ must "specify what testimony is not credible and identify the evidence that undermines the claimant's complaints–general findings are insufficient." *Id., citing Reddick v. Chater*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the [ALJ] rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit [the] claimant's testimony." *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001); *See* SSR 96-7p, 1996 WL 374186.

In addition, "while an ALJ may find testimony not credible in part or in whole, he or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 566 F.3d 880, 883 (9th Cir. 2006); *See* SSR 96-7p, 1996 WL 374186 at *1. The ALJ must also "consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [Petitioner's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(3). In

**MEMORANDUM DECISION AND ORDER - 14**

determining the credibility of the individual's statements, the ALJ must consider the entire case record. SSR 96-7p, 1996 WL 374186.

### B. *Discussion of Credibility Determination*

There is substantial evidence to support the ALJ's determination regarding Petitioner's credibility and the her findings were sufficiently specific and clear. (*See* AR 12-16). The ALJ in the instant case found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment." (AR 14). The ALJ supported this credibility determination by describing supporting evidence to hold that: (1) The description of limitations by petitioner was inconsistent and unpersuasive; (2) There is extremely limited objective medical evidence, and what evidence there is suggests the pain symptoms may not have been as serious as alleged.

#### (1) *Description of Limitations Was Inconsistent and Unpersuasive*

The ALJ first premised the unfavorable credibility finding on evidence that showed that, "[o]verall, the description of the severe symptoms and limitations, which the claimant has provided throughout the record has generally been inconsistent and unpersuasive." (AR 14). "This is especially true after listening to the claimant's admitted abilities and activities of daily living at hearing." (*Id*.). The ALJ expounded this inconsistent evidence:

> The claimant testified he is still capable (although slow) of splitting and cutting wood for heating of his home, which ... exceeds the residual functional

**MEMORANDUM DECISION AND ORDER - 15**

>   capacity in this case. (AR 44) Moreover, he testified he was able to carry fifty pounds on his back, but not in front of him, which still is a significant exertional activity and demonstration of a functional capacity exceeding even the residual functional capacity in this case. (AR 46). However, he then testified he could lift ten to twenty pounds without excessive pain. (AR 46-48). When the claimant was asked if he was able to get a job that allowed sitting and standing as needed, with breaks every hour, where he did not have to lift, he testified he could not do it because a 17 mile commute to get to work would likely be a problem for his back. (AR 50-51).

(AR 13, citations from the Administrative Record for specific statements added).

The ALJ also points out that in 2009, Petitioner appeared at Pinnacle Health Center complaining of pain in his neck and back, but he reported his pain symptoms on a "pain severity scale" a 3 out of 10. (AR 16, 210). This information, the ALJ explained "is a stark contrast to how he described his pain symptoms in connection with this application and appeal." (AR 16; *Cf., e.g.,* AR 144). The ALJ concluded that "based on this information in the file the [ALJ] could get the impression the claimant has consciously attempted to portray limitations that are not actually present in order to increase the chance of obtaining benefits." (AR 16).

Because the ALJ has given more than a scintilla of specific contradicting statements and facts, this Court finds that there was substantial evidence supporting the ALJ's determination on credibility. *See* 20 C.F.R. § 404.1529(c)(3). In addition, this Court holds that the ALJ did not commit legal error in this holding because the ALJ's decision "contained specific reasons for the finding on credibility." SSR 96-7p, 1996 WL 374186; *see Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001).

**MEMORANDUM DECISION AND ORDER  - 16**

### (2) *Pattern of Failing to Follow-Up Suggests Less Serious Symptoms*

The ALJ also supported her credibility finding by finding that Petitioner's pattern of failing to follow-up on recommendation suggests the petitioner's pain symptoms may not have been as serious as alleged. (AR 15). The ALJ explored in detail the Petitioner's many visits to his treating physician with no record of Petitioner following up on recommended procedures:

> Dr. Dibenedetto[6] recommended the claimant see a spine surgeon. (AR 195). There is no evidence he received a surgical work-up or evaluation from a specialist. (AR 194) . . . [T]he claimant received a recommendation by Dr. DiBenedetto to undergo an MRI in 2006 for his back condition . . . and the claimant failed to do so. (AR 193) . . . Dr. DiBenedetto . . . recommended an angiogram. However, the claimant failed to follow-up on that recommendation as well. (AR 193).

(AR15 (Administrative Record citations added)). Based on this evidence, the ALJ concluded that "the record revealed the claimant demonstrated a pattern of failing to follow-up on recommendations made by his treating doctor, which suggest the symptoms may not have been as serious as has been alleged in connection with this application and appeal." (AR 15).

The ALJ determined that the Petitioner was not credible by expounding from the record multiple specific failures to follow up on recommended procedures. (AR 15). This evidence is relevant evidence that a reasonable mind might accept as adequate to support the unfavorable credibility determination.

---

[6] The Petitioner's treating physician from 2001 to 2007. (AR 188-204).

**MEMORANDUM DECISION AND ORDER - 17**

### C. *Conclusion Regarding Credibility Determination*

The ALJ's determinations concerning the credibility of Petitioner's subjective pain statements are supported by substantial evidence in the record and are sufficiently laid out in the ALJ's decision. As such, the ALJ's conclusion that the claimant's "subjective complaints and alleged limitations are not fully persuasive and the claimant retains the ability despite his impairments to perform work activities with the limitations set forth above" is supported by substantial evidence and is free of legal error. (AR 17).

## CONCLUSION

Therefore, the Court finds, and thus concludes, that the ALJ based her decision on substantial evidence, sufficient to support the denial of disability benefits and committed no legal error in so denying Petitioner's claim. Accordingly, the Court affirms the decision of the ALJ.

## ORDER

Based on the foregoing, the decision of the Commissioner is AFFIRMED and this action is DISMISSED in its entirety with prejudice.

DATED: **August 2, 2012**.

Honorable Larry M. Boyle
United States Magistrate Judge